OPINION OF THE COURT
Helen E. Freedman, J.
This case involves a claim by plaintiff that a psychiatrist who treated her breached a fiduciary duty by disclosing privileged information at a custody hearing which resulted in her loss of custody of her 14 Vi-year-old son.
Defendant Jeffrey Benezra, M.D. (Benezra) moves for summary judgment contending as a matter of law that plaintiff, Nilda Zim (Nilda), has failed to demonstrate (1) that he breached any duty owed to her and (2) that the alleged breach resulted in any of the claimed damages.
*844 The following sequence of events is undisputed. Nilda and Marvin Zim (Marvin) were divorced in 1977 and Nilda retained custody of their son, Daniel Zim, then age 6. In April 1983, Nilda sought psychological counseling for Daniel and was referred to Benezra by the Post Graduate Center for Mental Health. Benezra treated Daniel from April 1983 through September 1985 and met with Marvin several times during the course of Daniel’s therapy. Nilda consulted with Benezra for problems unrelated to Daniel while the latter was still in therapy.
In March 1985, Daniel moved in with his father and Nilda brought a writ of habeas corpus in the Family Court seeking his return. Having treated Daniel for two years,. Benezra discussed Nilda’s fitness as a parent with Marvin and his attorney, Kenneth Burrows (Burrows). Benezra appeared as a witness for Marvin at the custody hearing, invoking the physician-patient privilege when asked about Nilda’s emotional problems.
The court directed Benezra to respond to questions, stating: "in a situation of this kind involving the best interests of the child, the parties are laying bare their emotional situation so there is in effect a waiver of confidentiality. It is now before the court * * * you may answer the question” (concerning Benezra’s diagnosis of Nilda’s problems). He then briefly described Nilda’s emotional situation. The court also heard testimony from Daniel, Nilda and Marvin concerning their custody desires, and from a court-appointed psychiatrist who recommended that the father be awarded custody. School records were introduced into evidence which indicated that Nilda did not cooperate with Daniel’s teachers concerning his education. At the conclusion of the hearing, the Family Court awarded custody to Marvin.
Nilda contends that by testifying against her at the hearing, Benezra breached his fiduciary duty of confidentiality and that as a result of Benezra’s testimony, she lost custody of her son thereby causing her emotional distress. Benezra denies that he ever discussed Nilda’s emotional problems with Burrows and that he only divulged his opinions at the direction of the Family Court Judge.
Summary judgment is appropriate where, viewing the evidence in a light most favorable to the nonmoving party, it is not possible to establish a viable claim. It has been held that a psychiatrist breaches a duty of confidentiality when the physi *845 cian reveals personal information to a third party which results in direct economic or emotional loss to a patient (MacDonald v Clinger, 84 AD2d 482 [4th Dept 1982]). Nilda alleges two such breaches of confidentiality by Benezra: (1) when he spoke to Marvin and Burrows and (2) when he testified at the Family Court hearing. In the first instance, Benezra had an obligation as Daniel’s treating physician to confer with the father. In the second instance, the Family Court ordered Benezra to testify and any refusal by him under these circumstances would have amounted to contempt of court.
Even if Benezra had discussed Nilda’s problems and thus did breach his duty of confidentiality, Benezra’s testimony at the custody hearing could not possibly have been a determining factor in Nilda’s loss of custody. The court based its decision upon a myriad of factors including testimony from the principals themselves and a court-appointed psychiatrist. At the time of the hearing, Daniel was an adolescent boy who expressed a strong desire to live with his father, his father’s new wife and his own brother.
Accordingly, defendant’s motion for summary judgment is granted.